IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL W. NIELSEN, ANDREW D. EWING, and JEFFREY W. KIMBLE, on behalf of themselves and all those similarly situated who consent to representation, | * * * * * * | |
| | * | CIVIL ACTION NO: |
| Plaintiffs, | * * | |
| | * | **FLSA COLLECTIVE ACTION** |
| v. | * * | |
| CRYSTAL SPRING CARWASH, LLC, DAEKI OH, and RITA HILLIS, | * * * | |
| | * | **JURY TRIAL DEMANDED** |
| Defendants. | * | |

**COMPLAINT**

Come now, the above-named Plaintiffs, and file their Complaint against the above-named Defendants on the following grounds:

**INTRODUCTION**

1.

This is an action brought pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA"), codified at 29 U.S.C. § 201 *et seq.*, for violations of overtime and wage laws.

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3.

Defendant Crystal Spring CarWash, LLC ("Crystal Spring") is a Georgia limited liability company doing business within the State of Georgia, maintaining its corporate and principal office at 812 Buford Drive, Lawrenceville, Gwinnett County, Georgia 30043. This Court has personal jurisdiction over Defendant.

4.

Defendant Daeki Oh is the sole member and owner of Defendant Crystal Spring. Defendant Oh resides in the State of Georgia. This Court has personal jurisdiction over Defendant Oh.

5.

Defendant Rita Hillis is the Manager of Defendant Crystal Spring. Defendant Hillis resides in the State of Georgia. This Court has personal jurisdiction over Defendant Hillis.

6.

Each Plaintiff is an "employee" as defined by 29 U.S.C. § 203(e).

7.

Defendants are an "employer" in an industry affecting commerce as defined by 29 U.S.C. § 203(d).

**VENUE**

8.

Defendants reside within the Atlanta Division of the Northern District of Georgia.  All action alleged herein occurred within the Atlanta Division of the Northern District of Georgia.  Venue in the Atlanta Division of Northern District of Georgia is proper for the Defendant under 28 U.S.C. § 1391(b) and (c).

**THE PARTIES**

9.

Plaintiff Nielsen is a citizen of the United States who resides in Gwinnett County, Georgia.

10.

Since approximately January of 2011, Plaintiff Nielsen was employed by Defendant in the position of Greeter.

11.

Plaintiff Ewing is a citizen of the United States who resides in Gwinnett County, Georgia.

12.

From approximately May 2011 until the present, Plaintiff Ewing has been employed by Defendant in the position of a car washer and/or detailer.

13.

Plaintiff Kimble is a citizen of the United States who resides in Gwinnett County, Georgia.

14.

From approximately August 2011 to February 2012 and from October 2012 to March 1, 2013, Plaintiff Kimble has been employed by Defendant in the position of a car washer.

15.

Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and on behalf of all current or former similarly situated greeters, car washers and/or detailers who consent to join this action as party plaintiffs under 29 U.S.C. § 216(b).

16.

A similarly situated greeter, car washer and/or detailer means all persons working for Defendants employed or previously employed in these positions, who worked hours in excess of forty (40) hours per week, who were scheduled to work but not allowed to clock-in or leave, were not paid wages for hours worked, who

-4-

had improper deductions made from their wages; and who worked for Defendant in the United States at any time between March 5, 2013, to the present.

17.

Defendant Crystal Spring is a for-profit Georgia corporation doing business within the State of Georgia and is subject to the jurisdiction of this Court. Defendant Crystal Spring may be served with summons and process by service upon its registered agent, Daeki Oh, at 812 Buford Drive, Lawrenceville, Gwinnett County, Georgia 30043.

18.

Defendant Oh is the sole member and owner of Defendant Crystal Spring. Defendant Oh may be served with summons and process by service upon him at 812 Buford Drive, Lawrenceville, Gwinnett County, Georgia 30043.

19.

Defendant Hillis is the Manager of Defendant Crystal Spring. Defendant Hillis may be served with summons and process by service upon her at 812 Buford Drive, Lawrenceville, Gwinnett County, Georgia 30043.

**FACTS**

20.

Defendants operate a car wash providing car washing, detailing and oil changes.

21.

In his position as a greeter, Plaintiff Nielsen performed non-exempt duties as defined by the FLSA.

22.

In his position as a greeter, Plaintiff Nielsen's duties required him to take orders for car wash packages, and to operate the electronic car wash machine.

23.

In his position as a car washer and/or car detailer, Plaintiff Ewing performed non-exempt duties as defined by the FLSA.

24.

In his position as a car washer and/or car detailer, Plaintiff Ewing's duties required him to wash cars, operate the electronic car was machine, and detail cars.

25.

In his position as a car washer, Plaintiff Kimble performed non-exempt duties as defined by the FLSA.

26.

In his position as a car washer, Plaintiff Kimble's duties required him to wash cars and operate the electronic car was machine.

27.

Throughout their employment, the Plaintiffs were provided weekly work schedules.

28.

Throughout their employment, the Plaintiffs have been paid on an hourly basis.

29.

Throughout their employment, the Plaintiffs have not been paid overtime wages for hours worked in excess of forty (40) hours a week.

30.

Throughout their employment, the Plaintiffs have been required to work off-the-clock by being required to report to work, directed not to clock-in, and required to stay at work without being paid for the time they were required to stay.

31.

Throughout their employment, the Plaintiffs have been required to work off-the-clock by being required to clock-out when there were no customers, and required to stay at work without being paid for the time they were required to stay.

32.

Throughout the Plaintiffs' employment, Defendants deducted $8.00 a pay period for bottles and towels from the Plaintiff's paychecks.

33.

Throughout the Plaintiffs' employment, Defendants deducted amounts from the Plaintiffs' paychecks for alleged damage to vehicles thereby paying Plaintiffs less than minimum wage.

34.

Throughout their employment, the Plaintiffs routinely work greater than forty (40) hours per week in their employment with Defendant.

35.

Throughout their employment, the Plaintiffs have not been paid overtime wages for the hours that they worked in excess of forty (40) hours per week.

36.

Throughout their employment, the actual job duties performed by the Plaintiffs have not been exempt under the FLSA.

37.

The Plaintiffs' duties are not FLSA exempt duties.

38.

The Plaintiffs' did not perform any duties the meet the requirements of any FLSA exemption.

39.

Plaintiff Nielsen has repeatedly complained to Defendants about Defendants' violations of wage and hour laws.

40.

Defendant Hillis has laughed-off Plaintiff' Nielsen's complaints and told him she was not worried about it.

41.

The Defendants have failed to comply with the FLSA and pay its employees wages and overtime wages, despite fully knowing that it is violation of the FLSA.

42.

Plaintiffs are due wages and liquidated damages for hours worked and for overtime wages for hours worked beyond forty (40) hours per week.

43.

Defendant Oh controls, oversees, and directs the day-to-day operation of the Defendant Crystal Spring, including the terms and conditions of the Plaintiffs employment.

44.

Defendant Hillis controls, oversees, and directs the day-to-day operation of the Defendant Crystal Spring, including the terms and conditions of the Plaintiffs employment.

**COUNT ONE: FLSA FAILURE TO PAY OVERTIME WAGES**

45.

Plaintiffs incorporate herein paragraphs 1 through 44 of their Complaint.

46.

The job duties performed by Plaintiffs while employed with Defendant are not exempt job duties under the provisions of the FLSA.

47.

Defendants have failed to pay Plaintiffs for all hours worked, have made improper wage deductions, and have failed to pay one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

48.

Defendants' conduct entitles Plaintiffs to the amount of their hours worked, repayment for deductions, and unpaid overtime compensation.

**COUNT TWO: FLSA LIQUIDATED DAMAGES**

49.

Plaintiffs incorporate herein paragraphs 1 through 48 of their Complaint.

50.

Defendants' conduct is not grounded in good faith and on reasonable grounds, thereby entitling the Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 260.

**PRAYER FOR RELIEF**

51.

Wherefore, the Plaintiffs pray for a judgment as follows:

1. That the Court grant full pay for unpaid hourly wages, improper deductions, and overtime wages owed to the Plaintiffs;

2. That the Court grant Plaintiffs liquidated damages under the FLSA;

3. That the Court grant Plaintiffs pre-judgment interest;

4.  That the Court find that Defendants willfully violated the FLSA so that a three (3) year limitation period applies to this case;

5.  That the Court grant Plaintiffs expenses of litigation, including reasonable attorneys' fees, pursuant to the FLSA;

6.  That the Court grant Plaintiffs a jury trial;

7.  That the Court grant Plaintiffs all other relief the Court deems just and proper; and,

8.  That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further violations of the FLSA.

Respectfully submitted this 12th day of March 2013.

**THE REDDY LAW FIRM, P.C.**

s/K. Prabhaker Reddy
K. PRABHAKER REDDY
Attorney at Law
Georgia Bar No. 597320

Please serve:

K. Prabhaker Reddy
THE REDDY LAW FIRM, P.C.
The Gates at Sugarloaf
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
Email: kpr@reddlaw.net